UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 23-cr-249 (SHS) |
| JEFRY SILVESTRE, | OPINION & ORDER |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Jefry Silvestre moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1), known as the "compassionate release" statute. Silvestre is currently serving a statutorily required minimum term of imprisonment of five years for conspiracy to distribute and possess with intent to distribute cocaine. Silvestre asserts that extraordinary and compelling circumstances warrant a sentence reduction, claiming that (1) his five-year mandatory minimum sentence is excessive and disproportionately severe; (2) his term of incarceration has been more punitive than intended due to his family's inability to visit him and his exclusion from rehabilitative programming while incarcerated; (3) he is fully rehabilitated and remorseful for his conduct; (4) he is subject to removal from the United States upon his release because he is not a U.S. citizen; and (5) his family faces financial hardship and is in need of his support. (Dkt. No. 42 at 3.) For the reasons set forth below, the Court declines to modify Silvestre's sentence.

    18 U.S.C. § 3582(c)(1)(A) permits a Court to modify a term of imprisonment where (1) a defendant has exhausted his administrative remedies, (2) "extraordinary and compelling" circumstances exist, and (3) modification is consistent with both the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the United States Sentencing Commission. Silvestre bears the burden of proving he is entitled to compassionate release. *See United States v. Laford*, No. 11-cr-1032, 2024 WL 3778890, at *2 (S.D.N.Y. Aug. 12, 2024). It is undisputed that he has exhausted his administrative remedies. (*See* Dkt. No. 44 at 4.) The Court thus turns its attention to the substance of Silvestre's motion.

    The Court does not find the circumstances identified by Silvestre—individually or in combination with each other—to be "extraordinary and compelling." Silvestre was sentenced by the Court to the minimum term of imprisonment permitted by law. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. His asserted difficulty in accessing educational

programming while incarcerated and his lack of family visits are the unfortunate product of his being a noncitizen residing unlawfully in the United States away from his family in the Dominican Republic. However, these circumstances do not amount to "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i). *See United States v. Udeze*, No. 17-cr-280, 2023 WL 2344724, at *2–3 (S.D.N.Y. Mar. 3, 2023) (declining to grant compassionate release to a noncitizen defendant over his inability to access Bureau of Prisons programming and limited opportunities for family visitation). That Silvestre is subject to removal from the United States upon his release from custody is similarly unavailing. *See United States v. Nawaz*, No. 16-cr-431, 2020 WL 7773478, at *3 (S.D.N.Y. Dec. 30, 2020) ("Courts, both in this District and elsewhere, have not found that an ICE detainer, without additional preexisting, high-risk health conditions, constitutes an extraordinary and compelling reason for release.").

Silvestre's asserted rehabilitation and remorse, while laudable, also fall short of section 3582(c)(1)(A)(i)'s requirements. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Moreover, although the Court is sympathetic to the difficulties facing Silvestre's parents, Silvestre has established neither that his parents are incapacitated nor that he is their only available caregiver, as contemplated by the applicable policy statement of the U.S. Sentencing Commission. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(3)(C) (U.S. SENT'G COMM'N 2025).

Accordingly, defendant's motion for compassionate release is denied.

Dated: New York, New York
November 10, 2025

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.